T.C. Summary Opinion 2011-37

UNITED STATES TAX COURT

LAW OFFICES OF ROBERT A. CUSHMAN, LLC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5218-10S.                    Filed March 29, 2011.

Robert A. Cushman, for petitioner.

<u>Frank W. Louis</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.[1]  Pursuant to
section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

This case is before the Court on petitioner's[2] request for judicial review of respondent's determinations to sustain notices of intent to levy to collect employment taxes and a failure to deposit penalty.

Respondent sent petitioner two notices of determination, the first for the tax period ending December 31, 2005, and the second for the tax periods ending March 31[3] and June 30, 2009.[4] The issues for decision are: (1) Whether respondent correctly assessed employment taxes for the fourth quarter of 2005; (2) whether petitioner is liable for a failure to deposit penalty under section 6656 for the second quarter of 2009; and (3) whether respondent abused his discretion by conducting petitioner's collection due process (CDP) hearing through correspondence and telephone calls and by denying petitioner's request for an installment agreement.

---

[2]Petitioner was represented by Robert A. Cushman (Mr. Cushman). Mr. Cushman signed the petition as a member of the L.L.C.

[3]At trial petitioner agreed that it owed the tax, penalty, and interest for the tax period ending Mar. 31, 2009. The Court deems that issue conceded, and that tax period will not be discussed further.

[4]The only determination for the tax period ending June 30, 2009, was a sec. 6656 failure to deposit penalty.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner's principal place of business was in Connecticut. As a matter of convenience, we will combine our findings and discussion herein.

Applicable Law

We have jurisdiction under section 6330(d)(1) to review respondent's determinations that the notices of intent to levy were proper and that respondent may proceed to collect by levy.[5] The Secretary may not levy upon any property or any right to property of any taxpayer unless the Secretary has notified such taxpayer in writing of the right to a hearing before the levy is made. Sec. 6330(a).

If the taxpayer requests a CDP hearing, the hearing will be held before an impartial officer or employee of the Internal Revenue Service (IRS) Office of Appeals. Sec. 6330(b)(1), (3). At the CDP hearing, the taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and collection alternatives. Sec. 6330(c)(2)(A). The taxpayer is expected to provide all relevant information

---

[5]The Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019, amended sec. 6330(d) and granted this Court jurisdiction over all sec. 6330 determinations made after Oct. 16, 2006. Perkins v. Commissioner, 129 T.C. 58, 63 n.7 (2007).

requested by the Appeals Office, including financial statements, for consideration of the facts and issues involved in the CDP hearing.  Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.  A CDP hearing may consist of one or more written or oral communications between an Appeals officer (AO) and the taxpayer.  Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see Katz v. Commissioner, 115 T.C. 329 (2000); Dinino v. Commissioner, T.C. Memo. 2009-284.  The statute requires only that a taxpayer be given a reasonable chance to be heard before the issuance of a notice of determination.  Roman v. Commissioner, T.C. Memo. 2004-20.

The taxpayer may not dispute the existence or amount of his underlying tax liability unless he did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see Sego v. Commissioner, 114 T.C. 604, 609 (2000).

If the underlying tax liability is at issue, the Court will review the AO's determination de novo.  Sego v. Commissioner, supra at 610.  Where the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination for abuse of discretion.  See Goza v. Commissioner, 114 T.C. 176, 182 (2000); see also Sego v. Commissioner, supra at 610.  Any other administrative determination regarding the proposed collection action will be reviewed for abuse of

discretion.  <u>Sego v. Commissioner</u>, <u>supra</u> at 610; <u>Goza v. Commissioner</u>, <u>supra</u> at 181-182.  An abuse of discretion occurs when the exercise of discretion is without sound basis in fact or law.  <u>Murphy v. Commissioner</u>, 125 T.C. 301, 308 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

Respondent's determinations concern Federal employment taxes reported on Form 941, Employer's Quarterly Federal Tax Return, and a failure to deposit penalty pursuant to section 6656. Petitioner did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax liability before the CDP hearing; thus we review the determinations de novo.

In making a determination following a CDP hearing, the AO must consider:  (1) Whether the requirements of any applicable law or administrative procedure have been met, (2) any relevant issues raised by the taxpayer, and (3) whether the proposed collection action balances the need for efficient collection with legitimate concerns that the collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

<u>Fourth Quarter of 2005</u>

The amount at issue for the tax period ending December 31, 2005, is the unpaid employment tax liability from the first quarter of 2005 that was assessed for the fourth quarter of 2005 under combined annual wage reporting (CAWR).  CAWR adjustments are appropriate when there is a discrepancy between an employer's

Form 941 returns and the amount of wages reported to the Social Security Administration at the end of the year. In re Howard Indus., Inc., 225 Bankr. 388, 392 (Bankr. S.D. Ohio 1997). Petitioner received a letter from respondent dated August 28, 2007, explaining that there was a discrepancy between the Forms 941 filed with the IRS and the amount of wages reported to the Social Security Administration for 2005.

Petitioner's only argument for the tax period ending December 31, 2005, is that it paid the tax liability in 2007 and that this issue was previously resolved by the Court in docket No. 27333-07S.[6]

Although petitioner disputes respondent's assertion that the L.L.C. has not paid the tax liability due for the first quarter of 2005, Mr. Cushman testified that he had no record of filing a tax return or remitting a payment on petitioner's behalf for the first quarter of 2005. Respondent submitted into evidence Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the first quarter of 2005. Attached to Form 4340 is Form 3050, Certification of Lack of Record, certifying that respondent did not receive from petitioner a Form 941 for the first quarter of 2005. Respondent may rely on Form 4340 for

---

[6]Although the tax period at issue in the 2007 Tax Court case included the fourth quarter of 2005, the first quarter of 2005 was not at issue in that case.

verification purposes. See <u>Nestor v. Commissioner</u>, 118 T.C. 162 (2002). Respondent also presented into evidence a Form 4340 for the fourth quarter of 2005. The form shows that an additional tax was assessed on December 31, 2007, after petitioner settled the issues in the aforementioned docketed case. The amount assessed, $4,762,[7] is the amount that respondent determined petitioner owes for the first quarter of 2005. After submission into evidence of the Forms 4340, petitioner reiterated that it already paid the tax liability for the fourth quarter of 2005 and asserted that the first quarter of 2005 is not at issue in this proceeding.

The assessment of the tax owed for the first quarter of 2005 in the fourth quarter of 2005 was proper. See <u>In re Howard Indus., Inc.</u>, <u>supra</u>. Petitioner has offered no viable argument that might suggest the assessment is improper. Therefore, we sustain respondent's determination with respect to the fourth quarter of 2005.

<u>Second Quarter of 2009</u>

A penalty will be imposed upon any taxpayer who fails to deposit (as required by title 26, the Internal Revenue Code) any amount of tax imposed by that title unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Sec. 6656(a); see <u>Charlotte's Office Boutique, Inc. v.</u>

---

[7]All amounts are rounded to the nearest dollar.

<u>Commissioner</u>, 121 T.C. 89, 109 (2003), affd. 425 F.3d 1203 (9th Cir. 2005). A taxpayer can establish reasonable cause by showing that ordinary business care and prudence were exercised. Sec. 301.6651-1(c)(1) and (2), Proced. & Admin. Regs.[8] Willful neglect results from a conscious decision or from reckless indifference. <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985). The taxpayer has the burden of proving reasonable cause and the absence of willful neglect. Rule 142; <u>Higbee v. Commissioner</u>, 116 T.C. 438, 447 (2001).

The applicable percentage of the penalty will be 10 percent of the underpayment if the failure is for more than 15 days. Sec. 6656(b)(1)(A)(iii). With respect to employment taxes, if the total amount due for a tax period is less than $2,500 the tax is considered de minimis and timely deposited if remitted with a timely filed return. Sec. 31.6302-1T(f)(4)(i), Temporary Employment Tax Regs., 73 Fed. Reg. 79360 (Dec. 29, 2008).

Respondent submitted into evidence a Form 4340 for the second quarter of 2009. Petitioner filed Form 941 and remitted tax due of $2,591 on July 31, 2009. Respondent assessed a failure to deposit penalty of $259 on August 3, 2009. Petitioner argues that the amount that exceeds the de minimis limit is, in

---

[8]The regulations pertaining to a failure to deposit do not provide a definition of reasonable cause; however, courts have used the reasonable cause definition for additions to tax in failure to deposit penalty cases. See, e.g., <u>Univ. of Chi. v. United States</u>, 547 F.3d 773, 785 (7th Cir. 2008).

itself, de minimis and that it did not willfully neglect to make deposits. Mr. Cushman testified that he assumed that the firm's paralegal would not work sufficient hours in the second quarter for the L.L.C. to be required to make deposits of employment taxes.

Although petitioner's Form 941 was timely filed, the tax due was more than $2,500; therefore, the de minimis exception does not apply. See sec. 31.6302-1T(f)(4)(i), Temporary Employment Tax Regs., supra. Mr. Cushman's assumption about how many hours the firm's paralegal would work does not show ordinary business care and prudence and does not rise to reasonable cause. Petitioner was liable for $2,596 of employment taxes for the first quarter of 2009, and ordinary business care and prudence would dictate planning for its second quarter tax liabilities from the outcome of the first quarter. Petitioner has not shown reasonable cause for the failure to timely deposit employment taxes for the second quarter of 2009. Therefore, we sustain respondent's determination for the second quarter of 2009.

Petitioner's CDP Hearing and Installment Agreement

Petitioner argues that it did not receive a CDP hearing and that a request for an installment agreement was denied without consideration. Petitioner's CDP hearing was held through telephone calls and correspondence. See Katz v. Commissioner, 115 T.C. 329 (2000); Dinino v. Commissioner, T.C. Memo. 2009-284;

sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  Most of the correspondence that is part of the CDP hearing record pertains to the tax period ending December 31, 2005.  During a telephone call on January 26, 2010, the tax period ending June 30, 2009, was also discussed.  Petitioner was afforded a reasonable opportunity to be heard for each of the tax periods at issue.  See Roman v. Commissioner, T.C. Memo. 2004-20.

The IRS is authorized to enter into written agreements with taxpayers for installment payments for any tax due if the IRS determines that such agreements will facilitate full or partial collection of such liabilities.  Sec. 6159(a).  It is within the AO's discretion to decide that petitioner's tax debt can more readily be eliminated by levy than by an installment agreement.  See Orum v. Commissioner, 412 F.3d 819, 821 (7th Cir. 2005), affg. 123 T.C. 1 (2004); sec. 301.6159-1(c)(1)(i), Proced. & Admin. Regs.

Petitioner requested an installment agreement, and the AO informed petitioner that an installment agreement was not an option because petitioner had not timely filed Forms 941 and there was doubt as to petitioner's ability to timely file and pay employment taxes in the future.  When asked what amount of its past due liabilities the L.L.C. would be able to pay monthly, Mr. Cushman responded that he did not know because the firm was experiencing a decline in business.  The record does not include

a Form 433-B, Collection Information Statement for Businesses. Petitioner did not offer any other collection alternatives. Therefore, respondent did not abuse his discretion in denying petitioner's request for an installment agreement. See Goza v. Commissioner, 114 T.C. at 181-182; see also Sego v. Commissioner, 114 T.C. at 610.

Conclusion

On the basis of our findings stated above, we sustain respondent's determinations for the tax periods ending December 31, 2005, and June 30, 2009. We also find that there was no abuse of discretion in conducting petitioner's CDP hearing through correspondence and telephone calls and no abuse of discretion in denying petitioner an installment agreement.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.