**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-48

UNITED STATES TAX COURT

LAW OFFICES OF ROBERT A. CUSHMAN, LLC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17309-12S L.                    Filed June 13, 2013.

Robert A. Cushman (a member), for petitioner.

William C. Bogardus, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case is before the Court on petitioner's[2] request for review of respondent's determination sustaining the filing of a notice of Federal tax lien (NFTL) with respect to unpaid employment tax liability for the period ending December 31, 2005.  The sole issue for decision is whether respondent abused his discretion in sustaining the NFTL for the period ending December 31, 2005, and not granting petitioner's request for additional time for a face-to-face meeting with respondent's settlement officer (SO).

<u>Background</u>

Some of the facts have been stipulated, and we incorporate the stipulation and the accompanying exhibits by this reference.  At the time the petition was filed, petitioner's principal place of business was in Connecticut.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner was represented by Robert A. Cushman.  Mr. Cushman signed the petition as a member of the L.L.C.

On January 3, 2012, respondent mailed to petitioner an NFTL for unpaid employment taxes for the tax period ending December 31, 2005. The NFTL showed a tax liability of $6,698.54 for that tax period, which is the same liability the Court sustained in Law Offices of Robert A. Cushman, LLC v. Commissioner, T.C. Summary Opinion 2011-37, filed March 29, 2011.[3] There, the Court concluded that respondent (1) properly assessed petitioner's employment tax liability for the period ending December 31, 2005, (2) did not abuse his discretion in conducting petitioner's CDP hearing through correspondence and telephone calls, and (3) did not abuse his discretion in denying petitioner's request for an installment agreement. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 petitioner checked the box stating "I Cannot Pay Balance" and requested that respondent withdraw the NFTL. Petitioner also asserted that the deposit penalty law had changed and that there would have been no penalty under the current law, that some balances had been paid off but not properly allocated, and that a Form 433-

---

[3]In Law Offices of Robert A. Cushman, LLC v. Commissioner, T.C. Summary Opinion 2011-37, petitioner requested judicial review of respondent's determination sustaining a levy with respect to the tax period ending December 31, 2005, the same period at issue in this case.

B, Collection Information Statement for Businesses, dated January 21, 2010, was never considered.

Settlement Officer Michael J. Matuszczak (SO Matuszczak) sent a letter to petitioner on March 2, 2012, acknowledging receipt of petitioner's Form 12153. SO Matuszczak sent another letter to petitioner on March 29, 2012, scheduling a telephone collection due process (CDP) hearing for May 16, 2012, and informing petitioner that any request to reschedule the CDP hearing had to be made by April 12, 2012. The March 29, 2012, letter advised that petitioner had had a prior opportunity to dispute the underlying liability and that petitioner therefore would not be able to dispute the underlying liability at this CDP hearing. The letter also stated that petitioner had to submit a completed Form 433-B and must have timely paid in full any required Federal tax deposits for SO Matuszczak to consider collection alternatives. The letter further stated that petitioner had to submit a completed and signed Form 12277, Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien, if petitioner wanted respondent to consider withdrawal of the NFTL.

On April 12, 2012, Mr. Cushman, as an individual, mailed to respondent a completed Form 12277. On the form Mr. Cushman stated that a CDP hearing was

pending and that he was unable to obtain credit with the lien affecting his credit score.

At some point after receiving the March 29, 2012, letter scheduling the telephone CDP hearing, petitioner contacted SO Matuszczak to request a face-to-face hearing. The face-to-face hearing was scheduled for May 23, 2012. On May 22, 2012, petitioner's office sent a fax to SO Matuszczak requesting to reschedule the May 23, 2012, CDP hearing to June 1, June 6, or June 8 because of Mr. Cushman's schedule. Mr. Cushman did not appear at or call SO Matuszczak for the CDP hearing scheduled for May 23, 2012, and aside from the Form 12277 Mr. Cushman submitted as an individual, petitioner did not submit any of the information requested in the March 29, 2012, letter.

On June 8, 2012, respondent mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the NFTL. The notice of determination stated that petitioner only requested withdrawal of the NFTL and did not request any collection alternative or submit financial information requested for consideration of collection alternatives.

Petitioner filed the petition, asserting among other things that a CDP hearing was not held even though petitioner had provided several potential dates for a hearing and that the Form 433-B dated January 21, 2010, was never

considered. Petitioner's only argument at trial was that it did not have a CDP hearing because the SO failed to grant the requested extension for a hearing date. Petitioner asserted that it is seeking "just a * * * face-to-face hearing" and that if the Court were to remand the case to respondent's Appeals Office, petitioner would propose that respondent withdraw the NFTL as requested and discuss collection alternatives.

## Discussion

### 1. General CDP Requirements

If a taxpayer fails to pay any Federal income tax liability after notice and demand, a lien in favor of the United States is imposed on all the property of the delinquent taxpayer. Sec. 6321. Section 6320(a) provides that within five business days after filing a notice of tax lien, the IRS must provide written notice of that filing to the taxpayer. After receiving such notice, the taxpayer may request an administrative hearing before the Appeals Office. Sec. 6320(a)(3)(B). A CDP hearing concerning a lien under section 6320 is to be conducted in accordance with the relevant provisions of section 6330. Sec. 6320(c). We have jurisdiction under section 6330(d)(1) to review the Commissioner's determination

that the NFTL was proper and that the Commissioner may proceed to collect by it.[4]

In reviewing the Commissioner's decision to sustain collection actions, where the validity of the underlying tax liability is properly at issue, the Court reviews the Commissioner's determination of the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews any other administrative determination regarding proposed collection actions for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.[5] An abuse of discretion occurs when the exercise of discretion is without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

---

[4]The Pension Protection Act of 2006, Pub. L. No. 109-280, sec. 855, 120 Stat. at 1019, amended sec. 6330(d) and granted this Court jurisdiction over all sec. 6330 determinations made after October 16, 2006. Perkins v. Commissioner, 129 T.C. 58, 63 n.7 (2007).

[5]Petitioner does not dispute the validity of the underlying tax liability in this proceeding. In any event petitioner previously had an opportunity to dispute this liability in a CDP hearing with respect to a levy for the same tax period. See Law Offices of Robert A. Cushman, LLC, v. Commissioner, T.C. Summary Opinion 2011-37; see also sec. 6330(c)(4).

At the collection hearing, a taxpayer may raise any relevant issues relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). In addition, he may challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute such liability. Sec. 6330(c)(2)(B).

The Appeals officer must verify that the requirements of applicable law and administrative procedure have been met, consider the issues properly raised by the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(b), (c)(3). Petitioner asserts that respondent abused his discretion in sustaining the NFTL because respondent refused to reschedule petitioner's face-to-face CDP hearing.

2.  Denial of Face-to-Face Hearing

Petitioner argues that it did not receive a CDP hearing and that its Form 433-B was not considered. Although a CDP hearing may consist of a face-to-face conference, a proper hearing may also occur by telephone or by correspondence under certain circumstances. Barry v. Commissioner, T.C. Memo. 2011-127, 2011 WL 2260418, at *5 (citing Katz v. Commissioner, 115 T.C. 329, 337-338 (2000)).

Requests for a face-to-face CDP hearing in order to discuss a collection alternative "will not be granted unless other taxpayers would be eligible for the alternative in similar circumstances." Sec. 301.6320-1(d)(2), Q&A-D8, Proced. & Admin. Regs. To be eligible for a collection alternative, the taxpayer must provide required returns, make required deposits of tax, and provide requested financial information, including Form 433-B, to the Appeals Office. Id.; see also Rivas v. Commissioner, T.C. Memo. 2012-20, 2012 WL 141745, at *6; Williams v. Commissioner, T.C. Memo. 2008-173, 2008 WL 2834275, at *9. On its Form 12153 petitioner requested withdrawal of the NFTL and did not request collection alternatives. SO Matuszczak requested petitioner to submit a Form 433-B and supporting documentation within 14 days of his March 29, 2012, letter if petitioner wished to discuss collection alternatives. Petitioner never submitted a current Form 433-B or supporting financial information, and therefore petitioner was not eligible for a collection alternative. Consequently, respondent's Appeals Office did not abuse its discretion by denying petitioner's request to reschedule the face-to-face hearing, and petitioner was afforded a reasonable opportunity to be heard for the tax period at issue. See Roman v. Commissioner, T.C. Memo. 2004-20.

3. <u>Refusal To Grant Continuance and Denial of Collection Alternatives</u>

Petitioner further contends that respondent's Appeals Office abused its discretion when it denied petitioner's request for a continuance of the CDP hearing and did not consider collection alternatives. While an Appeals officer's unreasonable denial of a request for more time to submit financial information or other evidence may be an abuse of discretion, <u>see</u> <u>Shanley v. Commissioner</u>, T.C. Memo. 2009-17, 2009 WL 195929, at *5; <u>see also</u> <u>Sullivan v. Commissioner</u>, T.C. Memo. 2012-337, at *20, we conclude that the denial by the Appeals Office was not an abuse of discretion.

Petitioner learned of the CDP hearing scheduled for May 16, 2012, when it received the March 29, 2012, letter from SO Matuszczak. The March 29, 2012, letter clearly informed petitioner that it should make any requests to reschedule the CDP hearing by April 12, 2012. The letter also requested a current Form 433-B so that SO Matuszczak could determine whether petitioner qualified for any collection alternatives.

SO Matuszczak agreed to reschedule the CDP hearing to May 23, 2012. When petitioner requested to reschedule the hearing for the second time, petitioner made the request on May 22, 2012, just one day before the scheduled hearing date. Petitioner had not provided the financial information requested in the March 29,

2012, letter and requested the extension because of Mr. Cushman's scheduling problem, not because petitioner needed more time to complete the requested financial information.

A taxpayer may raise collection alternatives that may include an installment agreement or an offer-in-compromise. Secs. 6320(c), 6330(c)(2)(A)(iii). Petitioner did not request any collection alternatives. In the March 29, 2012, letter, the SO requested a current Form 433-B so that he could determine whether petitioner qualified for any collection alternatives. Petitioner did not provide a current Form 433-B but, in its petition, asserted that a Form 433-B dated January 21, 2010, was not considered. We have consistently held that it is not an abuse of discretion for the Appeals Office to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information. See Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20. Petitioner was aware that SO Matuszczak had requested current financial information, and petitioner failed to provide it.

On these facts, we cannot find that the denial of the extension because of petitioner's failure to submit requested financial information was arbitrary, capricious, or without sound basis in fact and law. Furthermore, it was not an

abuse of discretion for the Appeals Office to reject collection alternatives because of a lack of necessary financial information. Petitioner has not shown that respondent's determination to sustain the NFTL because of its unpaid tax liabilities for the tax period ending December 31, 2005, and failure to submit a current Form 433-B was arbitrary, capricious, or without sound basis in fact or law.

4.    Conclusion

On the basis of our findings stated above, we sustain respondent's determination for the tax period ending December 31, 2005. We also conclude that there was no abuse of discretion in conducting petitioner's CDP hearing through correspondence and telephone calls and no abuse of discretion in denying petitioner collection alternatives.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.