T.C. Memo. 2009-17

UNITED STATES TAX COURT

TERENCE E. SHANLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3046-08L.          Filed January 28, 2009.

        P failed to pay his self-reported Federal income
tax liability for the year 2006, and R issued a notice
of intent to levy.  P requested a hearing under I.R.C.
sec. 6330, indicating a desire for an installment
agreement.  R's Office of Appeals requested that P
provide financial information within 14 days.  P asked
for an extension of time to submit the requested
financial information.  R's appeals officer denied that
request.  P did not provide any of the information by
the time of the hearing.  R's appeals officer issued to
P a notice of determination in which he determined that
a levy was appropriate.  P appealed that determination
to this Court.  R moved for summary judgment, and P
opposed R's motion but still did not provide the
information or explain his delay.

        <u>Held</u>: R's Office of Appeals did not abuse its
discretion in denying P's request for more time to
complete and submit financial information.

Howard M. Koff, for petitioner.

Frederick C. Mutter, for respondent.

MEMORANDUM OPINION

GUSTAFSON, Judge:  This case is an appeal by petitioner Terence E. Shanley, pursuant to section 6330(d)[1] from the determination by an appeals officer of the Internal Revenue Service (IRS) to uphold a proposed levy to collect Mr. Shanley's unpaid Federal income tax liability for 2006.  The case is before us on respondent's motion for summary judgment under Rule 121. For the reasons stated herein, we will grant respondent's motion for summary judgment, sustaining his determination to proceed with the levy against Mr. Shanley.

## Background

The following facts are based on the documents in the record of the IRS's hearing held pursuant to section 6330(b) and (c). Those documents are authenticated by the declaration of the IRS's settlement officer included with the IRS's motion.  As is set out further below, petitioner did not raise any genuine issue as to these facts.

---

[1]Unless otherwise noted, citations herein to sections refer to the Internal Revenue Code (26 U.S.C.), and citations to Rules refer to the Tax Court Rules of Practice & Procedure.

For tax year 2006, Mr. Shanley timely filed a Form 1040, U.S. Individual Income Tax Return, on which he reported that he was liable for $24,498 in tax; but he did not pay that self-reported liability. On May 28, 2007, the IRS entered assessments against Mr. Shanley for income tax, additions to tax for failure to pay tax and failure to make estimated tax payments, and statutory interest, and issued to him a notice of balance due with respect to his unpaid 2006 liability. Mr. Shanley did not pay the amount due.

As a result of Mr. Shanley's failure to respond to the notice of balance due, on September 8, 2007, the IRS issued to Mr. Shanley a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Through his counsel, Mr. Shanley timely requested a collection due process (CDP) hearing by submitting to the IRS, on September 25, 2007, a Form 12153, Request for a Collection Due Process or Equivalent Hearing. Mr. Shanley's Form 12153 stated that he disagreed with the proposed levy because "[t]here are alternatives to levy/seizure (e.g., an I.A. [installment agreement.]) Accordingly, enforced collection should not proceed".

On November 29, 2007, IRS settlement officer Genene Hopkins sent a letter to Mr. Shanley (with a copy to his counsel) scheduling a telephone CDP hearing for January 8, 2008. The

letter informed Mr. Shanley that he needed to provide, by December 13, 2007--

- A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses) plus 3 months applicable substantiation for all items listed on the form.

- Proof of estimated tax payments for the period(s) listed below: 12/2007

- Form 433-D Installment Agreement

(Underlining in original.)

Mr. Shanley failed to provide the settlement officer with any of the requested information by the stated deadline of December 13, 2007. Rather, on December 27--i.e., two weeks beyond the December 13 deadline--Mr. Shanley's counsel[2] requested by fax transmission a postponement of the January 8, 2008, CDP hearing by stating that "[w]e need until February 8, 2008 in order to prepare an accurate and complete 433-A. Accordingly, we respectfully request a postponement of the Collection Due Process Hearing until February 15, 2008." On December 31, 2007, by a return fax to counsel, the IRS denied the request for a postponement and reaffirmed that "[t]he conference will be conducted as scheduled on January 8, 2008."

---

[2]Mr. Shanley's counsel who requested this postponement was the same counsel who had filed the Form 12153 on Mr. Shanley's behalf in September 2007, requesting the CDP hearing, and who had been sent the copy of the letter scheduling the January 8 hearing, and who later filed Mr. Shanley's petition in this case.

On January 8, 2008, the CDP hearing was held by telephone. At the CDP hearing, Mr. Shanley's counsel indicated that he was not prepared for the conference as he did not have the information requested in the letter of November 29, 2007. According to the uncontradicted Notice of Determination, counsel's only explanation during the CDP hearing for his delay in providing the information was that Mr. Shanley had not provided the information to his counsel. Mr. Shanley's counsel further stated that he would petition the Tax Court in an attempt to resolve the issues, and would obtain the necessary documentation in the meantime.

On January 15, 2008, the IRS's Office of Appeals issued the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, which sustained the proposed levy for 2006 income tax because Mr. Shanley neither provided the requested financial information nor showed that he was in compliance with estimated tax payment requirements for 2007. The attachment to the Notice of Determination stated (with bold type in the original):

**Issue:**

In your request for a hearing you state there are alternatives to levy/seizure e.g. as an installment agreement. Accordingly enforced collection should not proceed.

**Response:**

The Settlement Officer called to conduct the conference on the scheduled date and time. However, your representative stated that he was not prepared for the conference/hearing as you had not provided the requested and necessary documentation.

For any proposed alternative, a compliance check is required to ensure that all required returns have been filed and **all estimated tax payments (if applicable) have been made**.

Since you are not in compliance with estimated tax payments, alternatives to enforced collection actions are precluded by regulations.

* * * * * * *

We could not reach an agreement, extend any relief to you, or consider an alternative to the proposed levy. Since the requested documents were not received the Settlement Officer is unable to make a determination regarding the collectibility of your account.

On February 4, 2008, Mr. Shanley timely petitioned this Court to review the Notice of Determination issued on January 15, 2008. The petition alleges that the Notice of Determination "is erroneous and should be corrected to provide for alternative(s) to enforced collection." The petition also alleges that Mr. Shanley "was not afforded adequate and reasonable time to prepare the 433-A, which would establish the bases for collection alternatives." At the time Mr. Shanley petitioned this Court, he resided in the State of New York.

On November 21, 2008, the IRS moved for summary judgment contending that there remains no genuine issue of material fact for trial, and that judgment in respondent's favor is warranted

because the determination by the Office of Appeals did not constitute an abuse of discretion. On November 24, 2008, the Court ordered Mr. Shanley to file a response to the IRS's motion. On December 8, 2008, Mr. Shanley responded to the motion for summary judgment by tersely stating:

> Concerning Respondent's motion, the issues involved are inherently factual. Accordingly, Summary Judgment and the subject motion should be denied.

## Discussion

### I. Applicable Legal Principles

#### A. Collection Review Procedure

When a taxpayer fails to pay any Federal income tax liability within 10 days of notice and demand, the IRS may collect the unpaid tax by levy on the taxpayer's property, pursuant to section 6331. However, before the IRS may proceed with that levy, the taxpayer is entitled to administrative and judicial review pursuant to section 6330. Administrative review is carried out by way of a hearing before the IRS's Office of Appeals (under section 6330(b) and (c)); and, if the taxpayer is dissatisfied with the outcome there, he can appeal that determination to the Tax Court (under section 6330(d)), as Mr. Shanley has done.

The pertinent procedures for the agency-level CDP hearing are set forth in section 6330(c). First, the appeals officer must obtain verification from the Secretary that the requirements

of any applicable law or administrative procedure have been met. Sec. 6330(c)(1).[3]  Second, the taxpayer may "raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy," including challenges to the appropriateness of the collection action and offers of collection alternatives.  Sec. 6330(c)(2)(A).  Additionally, the taxpayer may contest the existence and amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax liability.[4]  Sec. 6330(c)(2)(B).

In this case, Mr. Shanley's contentions pertain to the second of those sets of issues--i.e., "relevant issue[s] relating to * * * the proposed levy" under section 6330(c)(2)(A).

B.  Abuse of Discretion

In a CDP case in which the underlying liability is not at issue, as is the case here, we review the determination of the

_____

[3]In the case of a levy to collect a self-reported income tax liability, the basic requirements (see sec. 6331(a), (d)) for which the appeals officer obtains verification are: the IRS's timely assessment of the liability (secs. 6201(a)(1), 6501(a)); the giving to the taxpayer of notice and demand for payment of the liability (sec. 6303); and the giving to the taxpayer of notice of intention to levy and of the taxpayer's right to a hearing (secs. 6330(a), 6331(d)).  In the instant case, a review of Mr. Shanley's IRS transcript in the hearing record shows that the above requirements were met.  Mr. Shanley does not dispute that the requirements of any applicable law or administrative procedure were met in compliance with section 6330(c)(1).

[4]Mr. Shanley does not contest the underlying, self-reported liability.  Therefore, the underlying liability is not at issue. See Goza v. Commissioner, 114 T.C. 176 (2000).

Office of Appeals for an abuse of discretion.  That is, we decide whether the determination was arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176 (2000).

C.    Summary Judgment Standard

Where the pertinent facts are not in dispute, a party may move for summary judgment to expedite the litigation and avoid an unnecessary (and potentially expensive) trial.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994), cert. denied, 513 U.S. 821 (1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The party moving for summary judgment (here, the IRS) bears the burden of showing that there is no genuine issue as to any material fact, and factual inferences will be drawn in the manner most favorable to the party opposing summary judgment (here, Mr. Shanley).  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Rule 121(d) provides:

> When a motion for summary judgment is made and
> supported as provided in this Rule, an adverse party

> may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. * * *

Mr. Shanley's response to the IRS's motion did not "set forth specific facts showing that there is a genuine issue for trial." Instead, his response simply stated, in its entirety: "Concerning Respondent's motion, the issues involved are inherently factual. Accordingly, Summary Judgment and the subject motion should be denied."  Such bare allegations will not suffice to avoid summary judgment.  Rauenhorst v. Commissioner, 119 T.C. 157, 176 (2002) (citing Greene v. United States, 806 F. Supp. 1165, 1171 (S.D.N.Y. 1992), affd. 13 F.3d 577 (2d Cir. 1994)); King v. Commissioner, 87 T.C. 1213, 1217 (1986); Moore v. Commissioner, T.C. Memo. 2001-305; Ridgewell's, Inc. v. United States, 228 Ct. Cl. 393, 655 F.2d 1098, 1101 (1981).

The question whether the IRS abused its discretion can be said to be "inherently factual" (as Mr. Shanley characterizes it), but only in the sense that every lawsuit is "inherently factual", since every case requires the application of law to the actual facts of the particular case.  In many cases the facts are subject to dispute, and such cases should proceed to trial.  But when one party has moved for summary judgment (thereby asserting that there are no material facts in dispute), Rule 121 requires that the adverse party opposing summary judgment must demonstrate

a genuine issue of fact that requires a trial.  Mr. Shanley's opposition, however, leaves entirely unchallenged the factual basis for the IRS's motion.  He does not successfully raise a "genuine issue" merely by declaring the case to be "inherently factual".

Consequently, we review respondent's motion and supporting affidavits and exhibits to decide whether, on the basis of the undisputed facts shown therein, there is any "genuine issue" on the question whether the IRS abused its discretion in determining to proceed with a levy to collect Mr. Shanley's 2006 tax liability.

## II.  The IRS's Entitlement to Summary Judgment

The IRS determined to proceed with its levy against Mr. Shanley, and did not entertain an installment agreement or other collection alternatives, because Mr. Shanley failed to fulfill two prerequisites for consideration of such alternatives: He failed to submit financial information sufficient to enable the IRS to evaluate his collection potential; and he failed to show that he was in compliance with his obligation to make estimated tax payments for the subsequent year (2007).  It is ordinarily not an abuse of discretion for an appeals officer to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information.  Prater v. Commissioner,

T.C. Memo. 2007-241; <u>Chandler v. Commissioner</u>, T.C. Memo. 2005-99; <u>Roman v. Commissioner</u>, T.C. Memo. 2004-20. In doing so, the appeals officer simply follows the requirements of section 301.6330-1(e)(1), Proced. & Admin. Regs. (26 C.F.R.), and Rev. Proc. 2003-71, 2003-2 C.B. 517.

However, the issue Mr. Shanley raises is whether the Office of Appeals abused its discretion by not allowing Mr. Shanley more time to complete and submit the requested financial information. Where an appeals officer unreasonably "failed to consider" evidence at a section 6330 hearing, that failure is an abuse of discretion, see <u>Robinette v. Commissioner</u>, 123 T.C. 85, 107 (2004), revd. 439 F.3d 455 (8th Cir. 2006); and an appeals officer's unreasonable denial of a request for more time to submit that evidence would likewise be an abuse of discretion. However, on the facts of this case, we find that the appeals officer's decision was reasonable and that therefore there was no abuse of discretion in denying Mr. Shanley's request for more time to submit the requested information.

The settlement officer, by letter of November 29, 2007, to Mr. Shanley and his counsel, clearly informed him that he needed to provide, by December 13, 2007, (i) a completed Form 433-A or Form 433-B, plus three months of substantiation; (ii) proof of estimated tax payments for 2007; and (iii) a Form 433-D, Installment Agreement. This letter gave Mr. Shanley 14 days from

the date of the letter to submit the required information, but he failed to meet that due date. If a 14-day deadline to submit requested information might seem short in some contexts, it was not unreasonably short in this context,[5] for several reasons:

First, the appeals officer's approach was not inconsistent with the IRS's guidelines. "There is no requirement that the Commissioner wait a certain amount of time before making a determination as to a proposed levy." Gazi v. Commissioner, T.C. Memo. 2007-342, 94 T.C.M. (CCH) 474, 479 (2007). "Appeals will, however, attempt to conduct a * * * [section 6330] hearing and issue a Notice of Determination as expeditiously as possible under the circumstances." Sec. 301.6330-1(e)(3), Q&A-E9, Proced. & Admin. Regs.[6]

Second, neither Mr. Shanley nor his counsel made any response to the IRS until after the deadline had passed. A partial but timely response, or a request for the extension of time made before December 13, 2007, might have constituted some sort of attempted compliance with the deadline and might prompt

---

[5]We consider the appeals officer's deadline in context. See, e.g., Morlino v. Commissioner, T.C. Memo. 2005-203, 90 TCM (CCH) 168, 171 (2005); Roman v. Commissioner, T.C. Memo. 2004-20, 87 TCM (CCH) 835, 837 (2004).

[6]See also Internal Revenue Manual (IRM) pt. 8.22.2.2.6.1(3) (Dec. 1, 2006); Internal Revenue Manual Abr. & Ann. (IRM-AA) pt. 8.7.2.3.4(6)(A) (Jan. 1, 2006) ("Good case management practices dictate * * * [that] we allow a taxpayer * * * no more than 14 days" to provide the requested financial information).

more sympathy for his argument.  But Mr. Shanley's counsel waited until two weeks after the deadline to request an extension and provided no responsive information at all.

Third, neither Mr. Shanley's request for more time faxed to the Office of Appeals, nor his opposition to the IRS's motion for summary judgment here, provided any reason for his alleged need for more time.  There might be reasons related to the season (such as holidays, or counsel's obligations in a filing season), or reasons related to the information-gathering process (such as difficulty in getting information from third parties), or reasons personal to the taxpayer (such as sickness) that could make this a closer question; but none of those reasons has been alleged here.  Rather, the reason that Mr. Shanley's counsel said he needed more time was simply that his client had not yet provided him the information.  The appeals officer was therefore not presented with any substantial reason to grant an extension.

Fourth, Mr. Shanley actually had much more than two weeks to assemble the information by December 13, 2007.  He had requested his CDP hearing on September 25, 2007--almost three months before this December 13 deadline.  In that CDP request, Mr. Shanley indicated that an installment agreement was his preferred collection alternative.  His counsel should have known that Mr. Shanley would need to provide financial information and be

current with filing and payment requirements before an installment agreement could be considered.

Fifth, Mr. Shanley actually did have a de facto extension of time. His hearing was scheduled for January 8, 2008, and he could have submitted the information at that time. If the appeals officer had refused to consider information submitted after the December 13 deadline but in time for the January 8 hearing, then a more serious challenge to the appeals officer's exercise of discretion could have been made here. But such a challenge is unlikely ever to arise, since it is the policy of the Office of Appeals to consider financial information submitted past the deadline, and up to the time of the issuance of the Notice of Determination. IRM pt. 8.22.2.2.4.11(1)(C) (Oct. 30, 2007); see also IRM-AA pt. 8.7.2.3.4(10) (Jan. 1, 2006). Thus, Mr. Shanley had until January 15, 2008--more than six weeks after the initial request for the information--to submit the documentation to Appeals for consideration. But he did not do so.

Sixth, subsequent events indicate that an extension of the deadline would not have resulted in Mr. Shanley's submitting the information. The passage of 10 additional months has not yielded the information. The IRS has still not been given the requested information, despite the standing pretrial order issued in this

case on August 8, 2008.[7]  And when the IRS moved for summary judgment, and the Court ordered petitioner to respond, that could have been an occasion for Mr. Shanley to oppose the motion by showing that the information could indeed have been available to the appeals officer if Mr. Shanley had been given the additional time he requested.  But he did not do so.

On these facts, we cannot hold that the denial of the extension by the Office of Appeals was arbitrary, capricious, or without sound basis in fact or law.  Since the 14-day deadline is supported by the IRS's regulations and internal policy, and since Mr. Shanley disregarded multiple subsequent opportunities to submit the information, we conclude that the Office of Appeals did not abuse its discretion and we hold that respondent is entitled to the entry of a decision sustaining the determination and proposed levy as a matter of law.

To reflect the foregoing,

An appropriate order and decision will be entered.

---

[7]The standing pretrial order urges the exchange of information between the parties: "All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b), unless the evidence is to be used solely to impeach the credibility of a witness. * * * Any documents or materials which a party expects to utilize in the event of trial (except solely for impeachment), but which are not stipulated, shall be identified in writing and exchanged by the parties at least 14 days before the first day of the trial session."