**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-48

UNITED STATES TAX COURT

ANDREW LEWIS HAVARD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20985-13S L.                     Filed May 15, 2014.

Andrew Lewis Havard, pro se.

John F. Driscoll and Thomas Alan Friday, for respondent.

SUMMARY OPINION

LAUBER, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pur-

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all dollar amounts to the nearest dollar.

suant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In this collection due process (CDP) case, petitioner seeks review pursuant to section 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his action in sustaining the proposed levy was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

Petitioner filed Federal income tax returns for 2009 and 2011 late and failed to pay the full amounts of tax shown as due on those returns. The IRS subsequently assessed the tax against him. On March 4, 2013, in an effort to collect the assessed tax, the IRS sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. In his request, petitioner sought a collection alternative in the form of an installment agreement.

On April 11, 2013, a settlement officer (SO) from the IRS Appeals Office sent petitioner a letter scheduling a telephone CDP hearing for May 21, 2013. The SO informed petitioner that, in order for her to consider a collection alternative, he

needed to provide her with a copy of a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, together with supporting financial information. The SO received on May 16, 2013, petitioner's Form 433-A and attached documents. During the ensuing CDP hearing petitioner informed the SO that he was not disputing his underlying tax liability for 2009 or 2011. He requested an installment agreement but did not propose any specific monthly payment plan.

On July 23, 2013, the SO recorded in her case activity report (CAR) her determination that petitioner was eligible for an installment agreement whereby he could fully pay his account balance at a rate of $250 per month for a specified period. The SO called petitioner twice but received a message that he was not taking calls. On July 24, 2013, the SO wrote petitioner proposing "an installment agreement for $250 a month effective 9/15/2013," although the CAR recites that she had offered him a "$200 a month installment agreement." The letter informed petitioner that he needed to respond to the offer by August 7, 2013; otherwise the SO would sustain the proposed levy and close the case.

The SO received no response to her offer and no other communication from petitioner. Accordingly, on August 15, 2013, she sustained the proposed levy and forwarded the file to her team manager for approval. On August 22, 2013, the IRS

issued petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330.  This letter recited that petitioner had been offered "a payment plan of $200 a month" but that he had failed to respond to this offer.

As of February 21, 2014, the IRS transcript of petitioner's account shows that his liability for the 2009 tax year has been paid in full.  (The transcript reveals that the IRS in May 2013 wrote off an $11,902 balance due for 2009.)  Petitioner received verification, in a Notice CP49 mailed February 10, 2014, that his 2009 balance due was zero.  On February 10, 2014, the IRS mailed him a Notice CP21A showing a 2011 balance due, including tax, penalties, and interest, of $4,031.  The IRS transcript of his 2011 account similarly shows a balance due, as of March 10, 2014, of $4,066 (including additional interest and penalty).

Petitioner timely sought review in this Court of the IRS Notice of  Determination.  On March 4, 2014, respondent filed a motion for summary judgment that is supported with exhibits drawn from the administrative record.  On April 10, 2014, petitioner filed a response to this motion.

## Discussion

A.    Summary Judgment and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90

T.C. 678, 681 (1988).  Under Rule 121, the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  Although there is some confusion in the record concerning the exact payment plan petitioner was offered, this factual uncertainty is not material to our decision.

Where (as here) there is no dispute concerning the underlying tax liability, the Court reviews the IRS decision for abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 182 (2000).  An abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

B.    Analysis

The only question is whether the IRS properly sustained a levy to collect petitioner's liabilities.  We review the record to determine whether:  (1) the Appeals officer properly verified that the requirements of any applicable law or administrative procedure have been met; (2) any issues raised by the taxpayer have merit; and (3) "any proposed collection action balances the need for the efficient

collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

It is clear from our review of the record that the SO conducted a thorough review of transcripts of petitioner's account and verified that the requirements of applicable law and administrative procedure were followed. The SO offered petitioner an installment agreement that reasonably balanced the need for efficient collection of taxes with his legitimate concern that collection action be no more intrusive than necessary. Petitioner did not raise a valid challenge to the appropriateness of respondent's intended collection action. These issues are now deemed conceded. See Rule 331(b)(4).

Petitioner argues that he owes no tax for 2009 or 2011. As to 2009, petitioner is correct that his liability has been paid in full. Therefore, any collection action in regard to 2009 has become moot. Petitioner errs, however, in contending that he has no outstanding tax liability for 2011. The IRS transcript of his account and the most recent notice it sent him both show a 2011 balance due in excess of $4,000.

Petitioner also notes the discrepancy in the CAR concerning the monthly payment he was offered. He argues that the SO filed a "false report" by stating that he had been offered an installment agreement at $200 a month, whereas the

offer he received was actually at $250 a month. We conclude that the $200 figure appearing in the CAR was a scrivener's error and that the $200 figure appearing in the notice of determination was mistakenly drawn from the CAR. In any event, this discrepancy is not material to our decision because petitioner failed to respond to the offer in any way.

Petitioner's request for a CDP hearing included a statement that he intended to propose an installment agreement. Section 6159 authorizes the IRS to enter into a written agreement allowing a taxpayer to pay a tax liability in installments if it concludes that the "agreement will facilitate full or partial collection of such liability." The decision to accept or reject installment agreements lies within the discretion of the Commissioner. See Thompson v. Commissioner, 140 T.C. 173, 179 (2013) (citing Kuretski v. Commissioner, T.C. Memo. 2012-262, at *9). As a threshold matter, it is not an abuse of discretion for the SO to decline to consider an installment agreement where the taxpayer does not place a specific proposal on the table. See McLaine v. Commissioner, 138 T.C. 228, 243 (2012); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005). Stated otherwise, it is the obligation of the taxpayer, not of the reviewing officer, to start negotiations regarding a collection alternative by making a specific proposal. Petitioner never made such a proposal.

Though not required to do so, the SO proposed an installment agreement under which petitioner could pay $250 a month. Petitioner did not accept that offer; did not make a counteroffer; did not provide an explanation for his failure to respond to the offer; and does not contend that the $250 offer was unreasonable. When an SO gives a taxpayer an adequate period of time in which to respond, it is not an abuse of discretion for the SO to move ahead after encountering radio silence from the taxpayer. See Maselli v. Commissioner, T.C. Memo. 2010-19 (citing Roman v. Commissioner, T.C. Memo. 2004-20); cf. Pough v. Commissioner, 135 T.C. 344, 351 (2010) (citing Shanley v. Commissioner, T.C. Memo. 2009-17). The SO did not abuse her discretion when she sustained the proposed levy after proposing an installment agreement to which petitioner did not respond.

Finding no abuse of discretion in any of these respects, we will dismiss the petition as moot as to the 2009 taxable year, and we will grant summary judgment for respondent and affirm the proposed collection action as to the 2011 taxable year.

To reflect the foregoing,

An appropriate order and decision will be entered.