# United States Tax Court

T.C. Memo. 2023-94

MICHAEL J. STEVENS AND ALEXIS M. STEVENS,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 15761-21L.                           Filed July 24, 2023.

————

Michael J. Stevens and Alexis M. Stevens, pro sese.

*Derek W. Kelley* and *Michael E. D'Anello*, for respondent.

## MEMORANDUM OPINION

GREAVES, *Judge*: In this collection due process (CDP) case, petitioners seek review pursuant to section 6330(d) of the determination by the Internal Revenue Service (IRS or respondent) to uphold notices of intent to levy for tax years 2015 and 2016 (years at issue).[1] Respondent moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the collection actions was proper as a matter of law. For the reasons set forth below, we will grant respondent's motion.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                         *Background*

The following facts are based on the parties' pleadings and motion papers, the attached declarations and exhibits, and the administrative record. *See* Rule 121(c). Petitioners resided in Massachusetts when the petition was filed.

Petitioners did not file timely Federal income tax returns for the years at issue. Petitioners eventually filed delinquent returns for the years at issue, but they did not pay the tax shown as due on the returns. Respondent assessed the tax as shown on the delinquent returns along with additions to tax plus accrued interest. Thereafter, petitioners made some payments towards their tax liabilities; however, outstanding balances remained for the years at issue for a total outstanding liability of $100,629.[2]

To collect these outstanding liabilities, respondent issued Letters 11, Intent to Seize Your Property or Rights to Property, to petitioners. Petitioners timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. Petitioners checked the boxes to indicate that they were interested in an installment agreement and an offer-in-compromise.

The settlement officer reviewed petitioners' file and verified that all requirements of applicable law and administrative procedure had been satisfied. On November 6, 2020, the settlement officer sent petitioners Letter 4837, Appeals Received Your Request for a Collection Due Process Hearing, confirming receipt of their CDP hearing request and scheduling a telephone hearing for January 12, 2021. The settlement officer explained that for her to consider an installment agreement or an offer-in-compromise, petitioners needed to complete Form 433–A, Collection Information Statements for Wage Earners and Self-Employed Individuals, and provide supporting documents. As an alternative, the settlement officer offered petitioners an installment agreement with monthly payments of $1,128.[3]

Petitioners attended the CDP hearing but failed to provide a completed Form 433–A. The settlement officer again offered petitioners

---

[2] All dollar amounts are rounded to the nearest dollar.

[3] This installment agreement offer was conditioned on "all returns [for petitioners] have been filed and [petitioners] are current with [their] withholding and/or estimated tax payments."

**[\*3]** an installment agreement with the same terms as before, which petitioners rejected.[4] The settlement officer granted petitioners' request for additional time to submit Form 433–A with supporting documentation and Form 656, Offer-in-compromise.

After the hearing, petitioners indicated to the settlement officer that they would not apply for an offer-in-compromise. Petitioners submitted an incomplete Form 433–A that lacked verification documents, showing a "net difference" between their income and expenses of $93 to pay their outstanding tax liabilities.

The settlement officer adjusted income and expenses to match the documentation that petitioners provided and local and national expense standards. The settlement officer increased petitioners' income by $429 to reflect Mrs. Stevens's most recent paystub submitted with Form 433–A. As for petitioners' expenses, the settlement officer made the following reductions related to the national and local averages: (1) reduction of vehicle operating expenses to $442, (2) reduction of health insurance expenses to $806, and (3) reduction of out-of-pocket health care costs to $224. The settlement officer eliminated "other expenses" because petitioners failed to attach a list detailing the expenses. Finally, the settlement officer added current tax expenses of $1,667 to petitioners' expenses. After she netted the adjusted income against the adjusted expenses, Form 433–A showed that petitioners could afford payments of $746 per month. The settlement officer offered an installment agreement of this amount to petitioners, which they rejected.

The settlement officer granted petitioners an extension of time until February 22, 2021, to verify the "other expenses" and provide information as to why the settlement officer should deviate from the national and local standards. Petitioners failed to offer any additional documents. The settlement officer again offered the installment agreement of $746 per month, and petitioners again rejected it. On April 2, 2021, respondent issued petitioners a notice of determination sustaining the proposed levies.

Petitioners timely filed a petition with this Court for review of the notice of determination, contending that they were not provided an opportunity to enter into an alternative payment plan. On November 4,

---

[4] Petitioners also argued that they previously paid their 2016 tax liability, but account transcripts show that they made no payments for that year.

[*4] 2021, respondent filed a Motion for Summary Judgment. We ordered petitioners to file a response, if any, by December 8, 2021, but no response was filed.

## Discussion

### I.    *Summary Judgment*

Absent an agreement to the contrary, our decision in this case is appealable to the U.S. Court of Appeals for the First Circuit. *See* § 7482(b)(1)(G)(i), (2). That court has held that, where de novo review is not applicable, the scope of review in a CDP case is confined to the administrative record. *See Murphy v. Commissioner*, 469 F.3d 27, 31 (1st Cir. 2006), *aff'g* 125 T.C. 301 (2005). For the reasons discussed below, de novo review is not available in this case, and petitioners have offered no reason to believe that the administrative record is incomplete. Accordingly, "summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Belair v. Commissioner*, 157 T.C. 10, 17 (2021) (quoting *Van Bemmelen v. Commissioner*, 155 T.C. 64, 79 (2020)). We conclude that as a matter of law, the determination is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

### II.    *Standard of Review*

Section 6330(b) permits a taxpayer to challenge an IRS levy before the Appeals Office, and section 6330(d) provides for Tax Court review of an Appeals Office determination. The Code does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case; rather, we are guided by our precedents. Where the validity of a taxpayer's underlying liability is properly at issue, we review the IRS determination de novo. *See Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where a taxpayer's underlying liability is not properly at issue, we review the IRS determination for abuse of discretion only. *See id.* at 182. Petitioners did not allege in the petition or argue at any later point that the underlying liabilities are at issue. Thus they have conceded this issue. *See* Rule 331(b)(4); *see also Seminole Nursing Home, Inc. v. Commissioner*, T.C. Memo. 2017-102, at *7 n.4, *aff'd*, 12 F.4th 1150

[*5] (10th Cir. 2021). We review the settlement officer's determination for abuse of discretion.

III.   *Abuse of Discretion*

In deciding whether the settlement officer abused her discretion in sustaining the collection actions, we consider whether she (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioners raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioners] that any collection action be no more intrusive than necessary." *See* § 6330(c). In their petition, petitioners sought review of the settlement officer's determination regarding an offer-in-compromise and an installment agreement.[5]

Section 7122(a) authorizes the IRS to compromise an outstanding tax liability, and the regulations set forth three grounds for such a compromise: (1) doubt as to liability; (2) doubt as to collectability; or (3) promotion of effective tax administration. *See* Treas. Reg. § 301.7122-1(b). Petitioners failed to properly raise the issue at the CDP hearing because they presented no evidence regarding their eligibility for an offer-in-compromise, failed to submit an offer-in-compromise, and stated that they were abandoning the argument. *See Moriarty v. Commissioner*, T.C. Memo. 2017-204, at *9, *aff'd*, No. 18-1077, 2018 WL 4924349 (6th Cir. Sept. 19, 2018). Therefore, the issue is not properly before us.

Section 6159(a) authorizes the Secretary of the Treasury or his delegate to enter into a written agreement allowing the taxpayer to pay tax in installments if the Secretary or his delegate determines that such an agreement will facilitate full or partial collection of the liability. Respondent generally has the discretion to accept or reject any proposed installment agreement. *See* § 6159; Treas. Reg. § 301.6159-1(c)(1).

A settlement officer does not abuse her discretion when she moves forward with a determination after the taxpayer has an adequate period

---

[5] Petitioners do not assign error to the settlement officer's verification that the requirements of applicable law or administrative procedure had been met. Thus, they waive this argument. *See* Rule 331(b)(4); *see also Seminole Nursing Home, Inc.*, T.C. Memo. 2017-102, at *7 n.4. Even if petitioners assigned error, the administrative record supports a finding that the settlement officer properly verified compliance with all applicable law and administrative procedure.

**[\*6]** to respond and fails to do so. *See Pough v. Commissioner*, 135 T.C. 344, 351 (2010) (citing *Shanley v. Commissioner*, T.C. Memo. 2009-17). This principle applies in a case like this one, where petitioners failed to provide information the settlement officer requested in order to verify their Form 433–A. *See Hartmann v. Commissioner*, T.C. Memo. 2018-154, at \*10–11, *aff'd*, 785 F. App'x 906 (3d Cir. 2019). Petitioners rejected both installment agreement offers and did not offer an alternative installment agreement. Petitioners agreed to a deadline of February 22, 2021, to accept the installment agreement or submit additional financial documentation. The settlement officer waited a little over a month to issue the notice of determination, sustaining the collection actions. The settlement officer did not abuse her discretion by issuing the notice of determination when she did. *See id.* at \*10 ("[A]n SO is not required to negotiate indefinitely or wait any specific time before issuing a determination.").

Petitioners appear to argue that the settlement officer erred in calculating their ability to pay by reducing their expenses. The settlement officer determined petitioners' monthly income and expenses on the basis of their Form 433–A, adjusting their income up and certain reported expenses down to conform to applicable local and national standards. Although petitioners appear to challenge those downward adjustments, we have repeatedly held that a settlement officer does not abuse her discretion by adhering to such standards, even if doing so would force a taxpayer to change his or her lifestyle. *See Speltz v. Commissioner*, 124 T.C. 165, 179 (2005), *aff'd*, 454 F.3d 782 (8th Cir. 2006); *Friedman v. Commissioner*, T.C. Memo. 2013-44, at \*9–10 (noting that the burden is on the taxpayer to justify departure from local standards). Petitioners submitted no additional financial information that would permit the settlement officer to deviate from the national and local standards.

The settlement officer offered petitioners two installment agreements that reasonably balanced the need for efficient collection of taxes with their legitimate concern that the collection action be no more intrusive than necessary. Petitioners rejected these offers without providing a counteroffer or additional financial documents. The settlement officer did not abuse her discretion in calculating petitioners' ability to pay. Finding no abuse of discretion in any respect, we will grant respondent's Motion for Summary Judgment under Rule 121.

**[\*7]**   To reflect the foregoing,

*An appropriate order and decision will be entered.*