[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16314

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2007
THOMAS K. KAHN
CLERK

U.S. TAX Court No. 7949-98

ALL COMMUNITY WALK IN CLINIC,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

No. 05-16315

_____

U.S. TAX Court No. 7950-98

MOHAMMED A. GAZI,
ESTATE OF RAEES I. GAZI, Mohammed A. Gazi,
Personal Representative,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petitions for Review of a Decision of the
United States Tax Court
_____

**(May 10, 2007)**

Before TJOFLAT, BLACK and EBEL,[*] Circuit Judges.

PER CURIAM:

Appellants All Community Walk In Clinic, Mohammed A. Gazi, and Estate of Raees I. Gazi contend the U.S. Tax Court abused its discretion in denying their motion for leave to file a motion to vacate the Tax Court's stipulated final decisions entered June 5, 2003, and July 8, 2003. Specifically, Appellants argue their former attorney and the Commissioner's attorney perpetrated a fraud on the court by executing the stipulated decisions without Appellants' authorization. After reviewing the record and hearing oral argument, we affirm.

As a general rule, a Tax Court lacks jurisdiction to vacate a decision once it becomes final. *Davenport Recycling Assocs. v. Comm'r*, 220 F.3d 1255, 1259 (11th Cir. 2000). While some Circuits have recognized a fraud-on-the-court exception to this general rule, this Circuit has not adopted such an exception. *See*

_____

[*]Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

2

*id.* at 1259, 1262.[2]  In this case, we need not decide whether the fraud-on-the-court

exception applies.  We agree with the Tax Court's conclusion that Appellants'

former attorney and the Commissioner's attorney did not perpetrate a fraud on the

court.  The record supports the Tax Court's finding that Appellants' former

attorney was authorized to execute the stipulated decisions on Appellants' behalf.

Additionally, even if Appellants' former attorney lacked authority, his conduct

would not amount to fraud on the court.  *See, e.g., Senate Realty Corp. v. Comm'r*,

511 F.2d 929, 931-32 (2d Cir. 1975) (finding that although the attorney

representing the taxpayer was unauthorized to settle the IRS claim against the

taxpayer, the attorney's action in filing a settlement stipulation in Tax Court did

not represent a fraud on the Tax Court).  Accordingly, we conclude the Tax Court

did not abuse its discretion in denying Appellants' motion for leave to file a motion

to vacate the Tax Court's stipulated final decisions.  *See Davenport*, 220 F.3d at

1259 (reviewing the Tax Court's denial of leave to file a motion to vacate for abuse

of discretion).

   **AFFIRMED.**

---

[2]In *Davenport*, we addressed the fraud-on-the-court exception, acknowledging that it has been recognized by other jurisdictions. *Davenport*, 220 F.3d at 1259, 1262.  Because we affirmed the Tax Court's finding that no fraud had been perpetrated on the court, we did not expressly decide whether to the adopt the exception as a ground for vacating a Tax Court's final decision. *See id.* at 1262.