T.C. Memo. 2007-342

UNITED STATES TAX COURT

MOHAMMED ALI GAZI AND ESTATE OF RAEES IFTEKHAR GAZI, DECEASED,
MOHAMMED ALI GAZI, PERSONAL REPRESENTATIVE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15014-06L.          Filed November 20, 2007.

<u>Sharon Reece</u>, for petitioners.

<u>Karen Lynne Baker</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment (respondent's motion).  We shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

At the time the petition was filed, petitioner Mohammed Ali Gazi (Mr. Gazi) resided in Pikesville, Maryland.

On January 30, 1998, respondent issued a notice of deficiency (notice) to Mr. Gazi and his wife, Raees Iftekhar Gazi (Ms. Gazi),[1] with respect to their taxable years 1983 through 1989. (We shall refer to Mr. Gazi and Ms. Gazi collectively as the Gazis.) The Gazis filed a petition with the Court with respect to that notice and commenced the case at docket No. 7950-98. (We shall refer to the case at docket No. 7950-98 as the Gazis' Tax Court case.) At the time the Gazis filed the petition commencing the Gazis' Tax Court case, Jay E. Kauffman (Mr. Kauffman) represented them.

On June 30, 2003, the parties in the Gazis' Tax Court case submitted to the Court a stipulated decision document (stipulated decision document in the Gazis' Tax Court case) that Mr. Kauffman executed on behalf of the Gazis and that counsel for the Commissioner of Internal Revenue (Commissioner) executed on behalf of the Commissioner.

On July 8, 2003, pursuant to the agreement of the parties as reflected in the stipulated decision document in the Gazis' Tax

---

[1]Ms. Gazi died on July 23, 2003.

Court case, the Court entered a decision (Gazis' Tax Court decision) in the Gazis' Tax Court case. That decision ordered and decided that for the Gazis' taxable years 1983 through 1989 the Gazis are liable for deficiencies in their Federal income tax (tax) totaling $219,723 and certain additions to tax totaling $376,041.33.

On November 10, 2003, respondent assessed tax, as well as additions to tax and interest as provided by law, for each of the Gazis' taxable years 1983 through 1989. (We shall refer to those unpaid assessed amounts, as well as interest as provided by law accrued after November 10, 2003, as the Gazis' unpaid liabilities for 1983 through 1989.)

On November 10, 2003, respondent issued to Mr. Gazi[2] the notice and demand for payment required by section 6303(a)[3] with respect to the Gazis' unpaid liabilities for 1983 through 1989.

On March 12, 2004, Mr. Gazi filed with the Court a motion for leave to file a motion to vacate final decision in the Gazis' Tax Court case and a motion to withdraw Mr. Kauffman as counsel in that case.[4] On the same date, Caroline D. Ciraolo (Ms.

---

[2]See supra note 1.

[3]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

[4]Also on Mar. 12, 2004, a motion under Rule 63(a) to substitute the proper party for Ms. Gazi in the Gazis' Tax Court
(continued...)

Ciraolo) entered an appearance in the Gazis' Tax Court case. In the motion for leave to file a motion to vacate final decision in the Gazis' Tax Court case, Mr. Gazi argued that the Gazis' Tax Court decision resulted from the perpetration of fraud on the Court by Mr. Kauffman and counsel for the Commissioner. According to Mr. Gazi, the stipulated decision document in the Gazis' Tax Court case was executed without the Gazis' knowledge or authorization. On December 15, 2004, the Court granted the motion to withdraw Mr. Kauffman as counsel in the Gazis' Tax Court case.

On May 23, 2005, a revenue officer with respondent's collection division (revenue officer) contacted Ms. Ciraolo, the authorized representative of Mr. Gazi and Ms. Gazi's estate, and advised her that he was recommending that a notice of Federal tax lien be filed with respect to the Gazis' unpaid liabilities for 1983 through 1989. In response, Ms. Ciraolo requested a hearing under respondent's Collection Appeals Program (CAP).

On June 14, 2005, a settlement officer (CAP hearing settlement officer) held a CAP hearing with Ms. Ciraolo. The CAP

---

[4](...continued)
case and to amend the caption of that case was filed with the Court. Thereafter, the Court issued an Order granting that motion and, inter alia, changing the caption of the Gazis' Tax Court case to read "Mohammed A. Gazi and Estate of Raees I. Gazi, Deceased, Mohammed A. Gazi, Personal Representative, Petitioners v. Commissioner of Internal Revenue, Respondent". (We shall refer to the estate of Raees Iftekhar Gazi, deceased, Mohammed A. Gazi, personal representative, as Ms. Gazi's estate.)

hearing settlement officer determined to delay until after June 24, 2005, the filing of a notice of Federal tax lien with respect to the Gazis' unpaid liabilities for 1983 through 1989 in order to allow Mr. Gazi an opportunity to give the Internal Revenue Service a mortgage on certain property with respect to such liabilities in lieu of respondent's filing a notice of Federal tax lien.

On June 29, 2005, the revenue officer made the following entry in the "integrated collection system history transcript":

> Received fax from POA [Ms. Ciraolo] with the property listings that they will use to secure the mortgage as an alternative to filing the NFTL. At this time they are working to obtain title searches and appraisals to determine the equity in each property. The date given by Appeals to get this done was 06/24/05 but this is not possible as the process will take some time. Extending time through July 10, 2005. [Reproduced literally.]

On July 20, 2005, the revenue officer spoke with Ms. Ciraolo and informed her that respondent had decided not to accept from Mr. Gazi a mortgage on certain property in lieu of respondent's filing a notice of Federal tax lien. During that conversation, the revenue officer also informed Ms. Ciraolo that respondent would consider an offer by Mr. Gazi to post a bond with respect to the Gazis' unpaid liabilities for 1983 through 1989 in lieu of filing a notice of Federal tax lien.

On July 28, 2005, the Court issued its Memorandum Findings of Fact and Opinion in the Gazis' Tax Court case (July 28, 2005

Opinion).  <u>All Cmty. Walk In Clinic v. Commissioner</u>, T.C. Memo. 2005-190.[5]  In that Opinion, the Court rejected Mr. Gazi's argument that the Gazis' Tax Court decision resulted from the perpetration of fraud on the Court by Mr. Kauffman and counsel for the Commissioner.  <u>Id.</u>  Pursuant to the July 28, 2005 Opinion, on July 28, 2005, the Court issued an Order denying the motion for leave to file a motion to vacate final decision in the Gazis' Tax Court case.

On August 1, 2005, Ms. Ciraolo and the revenue officer had a telephonic discussion during which Ms. Ciraolo indicated that Mr. Gazi wanted to post a bond in lieu of respondent's filing a notice of Federal tax lien.

On August 30, 2005, Mr. Gazi and Ms. Gazi's estate filed with the Court a motion for reconsideration of the July 28, 2005 Opinion.

On August 30, 2005, Ms. Ciraolo informed the revenue officer that Mr. Gazi had not filed a bond and that the motion for reconsideration of the July 28, 2005 Opinion had been filed with the Court.  Thereafter, in September 2005, a notice of Federal tax lien was filed with respect to each of the Gazis' taxable years 1983 through 1989.

---

[5]For purposes of opinion only, the Gazis' Tax Court case was consolidated with another case.  <u>All Cmty. Walk In Clinic v. Commissioner</u>, T.C. Memo. 2005-190.

On September 12, 2005, respondent issued to Mr. Gazi a notice of intent to levy and notice of your right to a hearing with respect to his taxable years 1983 through 1989 (notice of intent to levy).

On October 6, 2005, Ms. Ciraolo submitted to respondent on behalf of Mr. Gazi and Ms. Gazi's estate Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). (For convenience, we shall refer to Form 12153 that Ms. Ciraolo submitted to respondent on behalf of Mr. Gazi and Ms. Gazi's estate as Mr. Gazi's Form 12153.) In Mr. Gazi's Form 12153, Mr. Gazi and Ms. Gazi's estate indicated disagreement with the notice of intent to levy. An attachment to Mr. Gazi's Form 12153 stated in pertinent part:

**Grounds for Request:**

1. Taxpayers dispute these liabilities, which are the result of a decision entered by the United States Tax Court on July 8, 2003. <u>Mohammed A. Gazi and the Estate of Raees I. Gazi, Deceased, Mohammed A. Gazi, Personal Representative</u>, Docket No. 7950-98. Taxpayers filed a motion to vacate this decision on March 12, 2004. The Court denied the motion and Taxpayers' moved to reconsider this decision on August 29, 2005. In response to Taxpayers' motion, this Court ordered the Service to respond on or before October 6, 2005.

   If the Court ultimately rejects the motion, Taxpayers will appeal the Court's decision to the United States Court of Appeals. Taxpayers request that the Service withhold any enforcement action pending resolution of their motion and appeal. Attached hereto as Exhibit 2 are the Motion for

Reconsideration and subsequent orders of the Tax Court.[6]

2. At this time, enforced collection activity is unnecessary and unwarranted. If the assessment against Taxpayers is ultimately sustained, Mr. Gazi will cooperate with the Service to consider reasonable collection alternatives, including, but not limited to, an installment agreement or an Offer in Compromise.

**Conclusion:**

Based on the foregoing, Mohammed A. Gazi and the Estate of Raees I. Gazi request a collection due process hearing. * * * [Reproduced literally.]

On October 31, 2005, while their motion for reconsideration of the July 28, 2005 Opinion was pending before the Court, Mr. Gazi and Ms. Gazi's estate filed a notice of appeal with the United States Court of Appeals for the Eleventh Circuit (Court of Appeals for the Eleventh Circuit).

On March 24, 2006, the settlement officer with the Appeals Office assigned to consider Mr. Gazi's Form 12153 (settlement officer) made the following pertinent entries in his "Case Activity Records":

Reviewed file. * * * A review of the file shows the assessments are all agreed audits that have been sustained by the court ruling. The POA [Ms. Ciraolo] has attempted to delay collection by several actions. It was previously agreed she would post a bond but did not. She had a CAP hearing for the FTL under the same

_____

[6]The only Order attached to the copy of Mr. Gazi's Form 12153 that is in the record in the instant case is an Order in the Gazis' Tax Court case dated Sept. 8, 2005, in which the Court ordered the Commissioner to file by Sept. 22, 2005, a response to the motion for reconsideration of the July 28, 2005 Opinion.

issue and agreed to post a bond to avoid lien but did not and lien was filed. * * * POA is not asking for an alternative to collection action at this time, just a delay. * * * [Reproduced literally.]

On March 27, 2006, the settlement officer sent Mr. Gazi and Ms. Gazi's estate a letter (settlement officer's March 27, 2006 letter). That letter stated in pertinent part:

> This letter is our acknowledgment that we received your request for a Collection Due Process (CDP) Hearing * * *
>
>      \*      \*      \*      \*      \*      \*      \*
>
> **I have scheduled a face to face conference for you on 04/25/2006 at 10:30 a.m. in my office. * * * This will be your CDP hearing. Please acknowledge this letter within five (5) days of the date on this letter.**
>
> If this time is not convenient for you or you would prefer your CDP hearing to be held by telephone conference please let me know within fourteen (14) days from the date of this letter.
>
>      \*      \*      \*      \*      \*      \*      \*
>
> Regarding the liability you are raising:
>
> You are not able to dispute the liability at this hearing because the liability has been established and is valid.
>
> For me to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below. In addition, you must have filed all federal tax returns due.
>
> - **A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses.)**
>
> Please send me the items above within 14 days from the date of this letter. I cannot consider collection alternatives in your hearing without the information requested above. I am enclosing the applicable forms

and a return envelope for your convenience.

Mr. Gazi and Ms. Gazi's estate did not submit Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals (Form 433-A), within 14 days of the date of the settlement officer's March 27, 2006 letter, i.e., by April 10, 2006.

On April 18, 2006, Ms. Ciraolo called the settlement officer to reschedule the Appeals Office hearing that the settlement officer offered Mr. Gazi and Ms. Gazi's estate in the settlement officer's March 27, 2006 letter. During that conversation, the settlement officer agreed to reschedule the Appeals Office hearing from April 25 to May 15, 2006.

On May 15, 2006, Ms. Ciraolo called the settlement officer. The settlement officer made the following pertinent entries in his "Case Activity Records" with respect to that call:

> TC from POA [Ms. Ciraolo]. She said she did not have the 433A complete and would like to delay conference for at least another week. I advised that was not acceptable since we already delayed the conference once. She had no info to present. I advised her when she has her 433A completed she can submit it with a request for an IA thru Compliance. She then said their issue is the same, the money is not owed. I advised I will agree with the previous decision by the court the money is owed and the RO's action was correct. Since an alternative could not be agreed upon, I will issue a determination letter. [Reproduced literally.]

On May 17, 2006, the Court of Appeals for the Eleventh Circuit remanded the Gazis' Tax Court case to the Court for a ruling on the motion for reconsideration of the July 28, 2005

Opinion.  On June 12, 2006, the Court issued an Order denying
that motion.

On July 7, 2006, the Appeals Office issued to Mr. Gazi and
Ms. Gazi's estate a notice of determination concerning collection
action(s) under section 6320 and/or 6330 (notice of determina-
tion) with respect to the notice of intent to levy.  That notice
stated in pertinent part:

> **Summary of Determination**
>
> All required legal procedures were followed in issuing
> the Notice of Intent to Levy and advising you of your
> appeal rights.  Levy action in this case balances the
> need for efficient collection of taxes with the legiti-
> mate concern that any collection action be no more
> intrusive than necessary.  Since you failed to supply
> any information for the conference held 05/15/2006, an
> alternative to collection action could not be dis-
> cussed.  Further your challenge to the liability has
> been denied by the Tax Court, thus waiting for your
> appeal of that decision is not acceptable as an alter-
> native to collection action without at least the finan-
> cial information requested for review.  The action by
> the Compliance Division will be fully sustained.
>
> You are being notified of this determination in writing
> and your right to judicial review.  [Reproduced liter-
> ally.]

An attachment to the notice of determination stated in pertinent
part:

> **Type of Taxes:**  1040
>
> **Tax Period(s):**  12/1983 12/1984 12/1985 12/1986
> 12/1987 12/1988 12/1989
>
> \*       \*       \*       \*       \*       \*       \*

## I.  SUMMARY AND RECOMMENDATION

You, Mohamed Gazi, ("the taxpayer") requested a hearing before Appeals under the provisions of Internal Revenue Code ("IRC") Section 6330 for the tax periods listed above.  On a letter attached to the form 12153 you stated in part:  You dispute the liabilities which are the result of a decision by the United States Tax Court on July 8, 2003.  You then detailed your appeals thru the tax court system and state an alternative will be requested when and if the assessments are sustained.

You appealed the notice of intent to levy 23 days after receiving letter 1058.  It is a timely appeal.

We recommend your appeal regarding the notices of intent to levy  be denied.  All required legal proce-dures were followed in issuing the notice of intent to levy, and in advising you of your appeal rights.  You failed to provide financial information and supporting documentation to the Settlement Officer in order to determine the appropriate collection alternative.  You asked for and were granted a delay to supply the infor-mation and still did not have the information at the time of the rescheduled conference.  You asked for another extension of time to finish the information, this was denied as a delaying tactic.  Your alternate position that the tax is not owed and thus no action should take place is also denied.  The Tax Court has held the taxes are legally due.  Since an alternative could not be agreed upon, levy action in this case balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary.

## II.  BRIEF BACKGROUND

You owe $1,678,803.28 for the above tax periods.  You are in full compliance for all other years thru 2005.

The balance due is a result of a self assessed return with agreed audit assessments by the Service for all years.  You are now challenging the liability in an attempt to have the Tax Court decision reverses.

On 03/27/2006 I issued a letter to you at your last known address, outlining the due process provisions and general Internal Revenue Manual guidelines regarding

collection alternatives and offering you a face-to-face or telephone conference at the Appeal's Office in Baltimore, Md. on 04/25/2006.

On 04/18/2006 I received a request from your power of attorney to reschedule the conference to allow additional time to prepare the requested financial statement. We agreed to reschedule for 05/15/2006 at 10:30 a.m.

On 05/15/2006 I received a call from your power of attorney to request an additional delay to complete the financial statement, I denied this request. Your power of attorney stated she was not ready for the conference. I advised based on the delay at this conference and the previous delays, I would issue a determination letter to fully sustain the action by the Compliance Division. Your power of attorney then stated she wished to protest the liability based on the appeal filed in the Tax Court. I denied that request based on the Tax Court decision that the assessments are valid. Your power of attorney claimed I did not respond to her request for additional time from a message she left me last week. The voice mail message was left at 6:30 p.m. Sunday 05/14/2006. I received a fax after the conference from your power of attorney showing the Court of Appeals has requested the Tax Court to rule on the timely tolling motion for reconsideration of your motion. This does not change my determination to fully sustain the action by the Compliance Division. I advised your power of attorney, since you did not supply any financial information to review, I could not consider an alternative to collection action.

You are being advised of this determination to sustain the action by Compliance in full and your right to judicial review.

### III. <u>DISCUSSION AND ANALYSIS</u>

### 1. VERIFICATION OF LEGAL AND PROCEDURAL REQUIREMENTS

From all available information, the compliance file indicates that the requirements of applicable law or administrative procedures have been met.

The assessment was made on the applicable CDP notice period per Internal Revenue Code ("IRC") Section 6201.

The notice and demand for payment letter was mailed to the taxpayer's last known address, within 60 days of the assessment, as required by IRC Section 6303. There was a balance due when the CDP notice was issued per IRC Section 6322 and 6331(a).

IRC Section 6331 authorizes the IRS to levy if he taxpayer neglects or refuses to pay with 10 days after notice and demand. IRC Section 6331(d) requires that IRS must notify a taxpayer at least 30 days before a notice of levy may be issued. The file shows the Service issued this notice for the period considered at this hearing.

A review of the file indicates there was a levy source present in accordance with IRM 5.11.1.2.2(3).

IRC Section 6330(a) provides that no levy may be made unless IRS notifies a taxpayer of the right to request a hearing before an Appeals Officer at least 30 days prior to serving the levy. The Revenue Officer mailed this notice, certified mail, to the last known address of the taxpayer on 09/12/2005. The taxpayer requested the hearing with the form 12153 hand delivered to the Revenue Officer on 10/06/2005. The applicable time periods were met in this appeal.

Section 6330© allows the taxpayer to raise any relevant issue relating to the unpaid tax or the notice of federal tax lien at the hearing.

Internal Revenue Manual ("IRM") 5.16.1.2.(4) States when the aggregate assessed liability exceeds $5,000 up to the maximum level of $100,000 follow these procedures to verify the Collection Information Statement ("CIS")...

There was no pending bankruptcy case at the time the CDP notice was sent.

This Settlement Officer has had no prior involvement with respect to these liabilities.

## 2. ISSUES RAISED BY THE TAXPAYER

The taxpayer stated in part on a letter attached to the Form 12153: You dispute the liabilities which are the result of a decision by the United States Tax Court on

July 8, 2003.  You then detailed your appeals thru the tax court system and state an alternative will be requested when and if the assessments are sustained.

These issues were addressed during the conference held 05/15/2006.

**BALANCING THE NEED FOR EFFICIENT COLLECTION WITH TAX-PAYER CONCERN THAT THE COLLECTION ACTION BE NO MORE INTRUSIVE THAN NECESSARY.**

All required legal procedures were followed in issuing the notice of intent to levy, and advising the taxpayer of her appeal rights.  The taxpayer was given the opportunity to raise any relevant issues relating to the unpaid tax.  IRC Section 6330 requires that the Appeals Officer consider whether any collection action balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary.  The issue in this case is whether a levy against the taxpayer's assets is appropriate.  The taxpayer failed to provide the financial information with supporting documentation for the conference.  Levy action in this case balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary.  [Reproduced literally.]

On July 13, 2006, Mr. Gazi and Ms. Gazi's estate submitted to respondent Form 433-A and an offer-in-compromise.

On May 10, 2007, after Mr. Gazi and Ms. Gazi's estate filed the petition in the instant case, the Court of Appeals for the Eleventh Circuit affirmed the Gazis' Tax Court decision.  All Cmty. Walk In Clinic v. Commissioner, 223 Fed. Appx. 949 (11th Cir. 2007).[7]

---

[7]See supra note 5.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

It is the position of Mr. Gazi and Ms. Gazi's estate that the Court should not sustain the determinations set forth in the notice of determination.  In support of that position, Mr. Gazi and Ms. Gazi's estate argue that they are not liable for the Gazis' unpaid liabilities for 1983 through 1989 because the stipulated decision document in the Gazis' Tax Court case was executed without the Gazis' knowledge or authorization.[8]  In

---

[8]In respondent's motion, respondent states respondent's understanding that Mr. Gazi and Ms. Gazi's estate are arguing (1) that the appeal to the Court of Appeals for the Eleventh Circuit operated as a stay of the collection of the Gazis' unpaid liabilities for 1983 through 1989 and (2) that therefore respondent abused respondent's discretion in making the determinations in the notice of determination.  In response to that purported argument, respondent maintains that the record does not establish that Mr. Gazi and Ms. Gazi's estate filed a bond as required under sec. 7485(a) in order to stay the collection of those unpaid liabilities.  In the response of Mr. Gazi and Ms. Gazi's estate to respondent's motion, Mr. Gazi and Ms. Gazi's estate state: "Respondent mischaracterizes Petitioner's first argument.  In the petition filed August 4, 2006, Petitioner first contests the underlying tax liability.  Petitioner does not aver that his motion for leave to file a motion to vacate operated as a stay of collection".  Nor do we believe that Mr. Gazi and Ms. Gazi's estate are arguing that the
(continued...)

further support of their position that the Court should not sustain the determinations in the notice of determination, Mr. Gazi and Ms. Gazi's estate argue that respondent abused respondent's discretion in making those determinations because the settlement officer refused "to grant Petitioner additional time to submit an Offer in Compromise as a collection alternative in this matter."

We turn first to the argument of Mr. Gazi and Ms. Gazi's estate that they are not liable for the Gazis' unpaid liabilities for 1983 through 1989. A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Respondent issued a notice of deficiency to the Gazis with respect to their taxable years 1983 through 1989. The Gazis filed a petition with the Court with respect to that notice. On July 8, 2003, the Court entered a decision in the Gazis' Tax Court case. That decision ordered and decided that for the Gazis' taxable years 1983 through 1989 the Gazis are liable for deficiencies in their tax totaling $219,723 and certain additions to tax totaling $376,041.33. On March 12,

---

[8](...continued)
appeal to the Court of Appeals for the Eleventh Circuit or the motion for reconsideration of the July 28, 2005 Opinion operated as a stay of the collection of the Gazis' unpaid liabilities for 1983 through 1989.

2004, Mr. Gazi filed with the Court a motion for leave to file a motion to vacate final decision in the Gazis' Tax Court case.  On July 28, 2005, the Court issued the July 28, 2005 Opinion and an Order denying that motion for leave.  On August 30, 2005, Mr. Gazi and Ms. Gazi's estate filed a motion for reconsideration of the July 28, 2005 Opinion.  On October 31, 2005, while their motion for reconsideration of the July 28, 2005 Opinion was pending before the Court, Mr. Gazi and Ms. Gazi's estate filed a notice of appeal with the Court of Appeals for the Eleventh Circuit.  On May 17, 2006, the Court of Appeals for the Eleventh Circuit remanded the Gazis' Tax Court case to the Court for a ruling on the motion for reconsideration of the July 28, 2005 Opinion.  On June 12, 2006, the Court issued an Order denying the motion for reconsideration of the July 28, 2005 Opinion.  On May 10, 2007, the Court of Appeals for the Eleventh Circuit affirmed the Gazis' Tax Court decision.  On the record before us, we find that Mr. Gazi and Ms. Gazi's estate may not challenge the existence or the amount of the underlying tax liability for each of their taxable years 1983 through 1989.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

We turn now to the argument of Mr. Gazi and Ms. Gazi's estate that respondent abused respondent's discretion in making the determinations in the notice of determination because the settlement officer refused "to grant Petitioner additional time to submit an Offer in Compromise as a collection alternative in this matter." There is no requirement that the Commissioner wait a certain amount of time before making a determination as to a proposed levy. See sec. 301.6330-1(e)(3), Q&A-E9, Proced. & Admin. Regs.[9] Section 301.6330-1(e)(3), Q&A-E9, Proced. & Admin. Regs., provides that there is no period of time within which the Appeals Office must conduct a hearing under section 6330 or issue a notice of determination under that section and that "Appeals will * * * attempt to conduct a * * * [hearing under section 6330] and issue a Notice of Determination as expeditiously as possible under the circumstances."

On the record before us, we find that the settlement officer's refusal (1) to reschedule the Appeals Office hearing from May 15, 2006, to at least one week later and (2) to consider further collection alternatives proposed by the taxpayer was reasonable in light of the circumstances presented. In the settlement officer's March 27, 2006 letter, the settlement officer offered Mr. Gazi and Ms. Gazi's estate the opportunity to have a face-to-face Appeals Office hearing on April 25, 2006, and

_____

[9]See also <u>Clawson v. Commissioner</u>, T.C. Memo. 2004-106.

requested that Mr. Gazi and Ms. Gazi's estate submit Form 433-A within 14 days of the date of that letter, i.e., by April 10, 2006. Mr. Gazi and Ms. Gazi's estate did not submit Form 433-A by April 10, 2006. On April 18, 2006, at the request of Ms. Ciraolo, the settlement officer agreed to reschedule the Appeals Office hearing from April 25 to May 15, 2006. On May 15, 2006, the day on which the rescheduled Appeals Office hearing was to be held, Ms. Ciraolo called the settlement officer to inform him that Mr. Gazi and Ms. Gazi's estate were still not ready to submit Form 433-A and to request that the Appeals Office hearing be rescheduled to at least one week later. The settlement officer refused to reschedule the Appeals Office hearing, but advised Ms. Ciraolo that, when Mr. Gazi and Ms. Gazi's estate were ready to submit Form 433-A, they could do so with a request for an installment agreement through respondent's compliance division. Mr. Gazi and Ms. Gazi's estate did not submit Form 433-A and their offer-in-compromise until July 13, 2006, almost two months after Ms. Ciraolo requested another rescheduling of the Appeals Office hearing from May 15, 2006, to at least one week later.

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination with respect to the notice of intent to levy. On that record, we

sustain those determinations.

We have considered all of the contentions and arguments of Mr. Gazi and Ms. Gazi's estate that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.