T.C. Memo. 2015-2

UNITED STATES TAX COURT

DAVID C. SCHOLZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 404-13L.                    Filed January 5, 2015.

<u>James G. McGee, Jr.</u>, for petitioner.

<u>Horace Crump</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal

_____

[1]All statutory references are to the Internal Revenue Code in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

**[*2]** Revenue Service (IRS or respondent) to uphold a notice of intent to levy for the taxable years 2007, 2008, 2009, and 2010. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his action in sustaining the proposed levy was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are derived from the parties' pleadings and motion papers, including attached exhibits and affidavits. See Rule 121(b). Petitioner is a self-employed insurance salesman. He resided in Mississippi when he petitioned this Court.

Petitioner filed late his Federal income tax returns for 2007-2010 and did not pay the full amounts of tax shown as due on those returns. The IRS subsequently assessed the tax shown as due. In an effort to collect these assessed amounts, the IRS sent petitioner, on June 4, 2014, a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. In his request, petitioner asked that his account be placed in currently not collectible status or, alternatively, that the IRS consider a collection alternative in the form of an installment agreement.

**[*3]** On October 11, 2012, a settlement officer (SO) from the IRS Appeals Office wrote petitioner to schedule a CDP hearing for October 22, 2012. The SO informed petitioner that in order for him to consider a collection alternative, petitioner needed to submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, together with supporting financial information.

At the CDP hearing petitioner's representative told the SO that petitioner's recent loss of a major client adversely had affected his financial situation. As a result, petitioner was not able to provide updated financial information within the timeframe the SO had set. The parties agreed that petitioner would provide the requested information by November 14, 2012. The SO informed petitioner's representative that if the information was not received by that date, the proposed levy would be sustained.

The SO did not receive the requested information by November 14, 2012, and petitioner did not timely request additional time to submit it. The SO nevertheless waited an additional two weeks before closing the file. Having heard nothing from petitioner or his representative, the SO on November 29, 2012, sustained the proposed levy by issuing a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330. Petitioner timely petitioned

**[\*4]** this Court for review on January 3, 2013.  On February 19, 2014, respondent filed a motion for summary judgment, and petitioner responded on April 9, 2014.[2]

Discussion

A.  Summary Judgment and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts,

---

[2]On October 31, 2013, petitioner filed a petition for bankruptcy in the U.S. Bankruptcy Court for the Southern District of Mississippi.  This filing triggered the automatic stay under 11 U.S.C. sec. 362(a)(8) (2012).  On November 22, 2013, the bankruptcy court indicated that the automatic stay would be lifted if petitioner failed to comply with a certain court order.  Petitioner did fail to comply with that order, and the bankruptcy stay was accordingly lifted on January 10, 2014.  On September 24, 2014, the bankruptcy court closed petitioner's case by discharging certain debts under 11 U.S.C. sec. 727 (2012), but it does not appear that the 2007-2010 tax liabilities at issue here were discharged.  Cf. Neilson v. Commissioner, 94 T.C. 1, 9 (1990) (Tax Court lacks jurisdiction to decide whether a taxpayer's deficiencies were discharged in a bankruptcy proceeding).  In any event, neither party contends that the bankruptcy stay or petitioner's discharge in bankruptcy has any effect on our jurisdiction to consider and resolve this case on the merits.

**[*5]** by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

Petitioner's response to the motion for summary judgment alleges no dispute as to any material fact. In light of respondent's motion, his supporting affidavits, and petitioner's response thereto, we conclude that this case may be adjudicated summarily.

Where (as here) there is no challenge to the amounts of a taxpayer's underlying tax liabilities for the years at issue, the Court reviews the IRS determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

B.   Analysis

In deciding whether the SO abused his discretion in sustaining the proposed levy, we consider whether he: (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) determined whether the proposed collection action "balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive

[*6] than necessary." Sec. 6330(c)(3). It is clear from our review of the record that the SO conducted a thorough review of petitioner's filings and account transcripts and verified that the requirements of applicable law and administrative procedure were followed.

The taxpayer may raise at his CDP hearing any relevant issue relating to the collection action, including "offers of collection alternatives." See sec. 6330(c)(2)(A)(iii). Petitioner's hearing request included a statement that he intended to propose an installment agreement. Section 6159 authorizes the IRS to enter into a written agreement allowing a taxpayer to pay a tax liability in installments if it concludes that the "agreement will facilitate full or partial collection of such liability."

Though stating his intention to do so, petitioner never actually proposed an installment agreement. The SO gave him a reasonable extension of time, which afforded him more than six weeks to make such a proposal before the case was closed. It is not an abuse of discretion for a settlement officer to decline to consider an installment agreement where the taxpayer does not place a specific proposal on the table. See McLaine v. Commissioner, 138 T.C. 228, 243 (2012).

Moreover, petitioner neglected to furnish Form 433-A and the underlying financial information that the SO had twice requested. As a prerequisite for con-

**[\*7]** sideration of a collection alternative, it is incumbent on the taxpayer to provide the financial information that will enable the IRS to make an informed evaluation of his ability to pay. See, e.g., secs. 6159, 7122; Kindred v. Commissioner, 454 F.3d 688, 697 (7th Cir. 2006); Olsen v. United States, 414 F.3d 144, 151 (1st Cir. 2005). A settlement officer does not abuse his discretion when the taxpayer's failure to provide financial information prevents the SO from considering collection alternatives. See, e.g., Lance v. Commissioner, T.C. Memo. 2009-129; Schwersensky v. Commissioner, T.C. Memo. 2006-178.

Petitioner contends that he "did not have a sufficient opportunity to explore less intrusive collection means" because of his "change in financial status" and supposed "inability to show such a change to the Appeals Officer." Quite the contrary: When petitioner's representative informed the SO of petitioner's change in financial status, the SO afforded him a three-week extension of time in which to submit a proposal with supporting financial information. After that deadline had passed, the SO waited another two weeks before closing the case. Under these circumstances, petitioner was perfectly capable of demonstrating his "change in financial status" to the SO.

"There is no requirement that the Commissioner wait a certain amount of time before making a determination as to a proposed levy." Gazi v. Commis-

[*8] sioner, T.C. Memo. 2007-342, 94 T.C.M. (CCH) 474, 479; see, e.g., Shanley v. Commissioner, T.C. Memo. 2009-17, 97 T.C.M. (CCH) 1062 (finding no abuse of discretion when an SO sustained a notice of determination after a taxpayer failed to provide requested documentation within 14 days). When an SO gives a taxpayer an adequate period of time in which to respond, it is not an abuse of discretion for the SO to move ahead after encountering radio silence from the taxpayer. See Maselli v. Commissioner, T.C. Memo. 2010-19 (citing Roman v. Commissioner, T.C. Memo. 2004-20). Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action. To reflect the foregoing,

An appropriate order and decision will be entered.