# United States Tax Court

T.C. Summary Opinion 2024-25

STACEY RENEN POWERS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 23541-21SL.                    Filed December 23, 2024.

————————

Stacey Renen Powers, pro se.

*Justin E. Wayne* and *John D. Davis*, for respondent.


## SUMMARY OPINION

URDA, *Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In this collection due process (CDP) case, petitioner, Stacey Renen Powers, seeks review pursuant to section 6330 of the determination of the Internal Revenue Service's (IRS) Independent Office of Appeals (Appeals Office) to uphold a 2019 levy on Ms. Powers's state tax refund. The levy related to Ms. Powers's 2015 federal income tax liability, which she has sought to challenge both before the Appeals Office and now in

———————————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.  All amounts are rounded to the nearest dollar.

this Court. The Commissioner has filed a motion for summary judgment under Rule 121, asserting that Ms. Powers was barred from challenging her underlying liability and that the settlement officer did not abuse her discretion in sustaining the levy action. We will grant the Commissioner's motion.

*Background*

The following facts are based upon the pleadings, the parties' motion papers, declarations, and attached exhibits, which include the administrative record of the CDP proceeding along with a certificate of genuineness of the administrative record. *See* Rule 121(c). Ms. Powers lived in Ohio when she filed her petition.

I.      *Ms. Powers's Tax Liability*

Ms. Powers filed a federal income tax return for the 2015 tax year on which she reported $17,634 of income. Using information reported by third parties, the IRS determined that she had failed to include $8,109, bringing her total income for 2015 to $25,743. The IRS thereafter issued a notice of deficiency on March 12, 2018, which determined a deficiency of $2,279 in Ms. Powers's 2015 tax. Ms. Powers did not petition this Court within the time provided by section 6213, and the IRS accordingly assessed the deficiency on July 30, 2018.

II.     *CDP Proceedings*

In an effort to collect this liability, the IRS levied on Ms. Powers's right to receive her state income tax refund on April 23, 2019. As contemplated in section 6330(f)(2), the IRS then issued a notice informing Ms. Powers of the levy and her right to a CDP hearing.

Ms. Powers timely requested a CDP hearing. On her hearing request form, she challenged the underlying liability, asserting that a contractor had erroneously reported a 2017 payment as having been made in 2015. Ms. Powers did not indicate that she sought consideration of collection alternatives such as an offer-in-compromise or an installment agreement.

The assigned settlement officer sent a letter on August 29, 2019, scheduling a hearing for October 16, 2019, but Ms. Powers did not respond to the letter or attend the hearing. The case lay dormant for more than a year, which coincided with the onset of the COVID-19 pandemic. The settlement officer thereafter issued a letter on October

28, 2020, in which she invited Ms. Powers to call within 14 days or to submit any information for the Appeals Office's consideration. The letter noted that after the 14 days had passed, "the Appeals Office will make a determination in the hearing you requested by reviewing the Collection administrative file and whatever information you provided."

On December 7, 2020, the settlement officer issued another letter to Ms. Powers. This letter specifically requested that Ms. Powers provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and provide both her address in 2015 and any correspondence regarding the 2015 tax deficiency.

Having received no response from Ms. Powers, the Appeals Office issued a notice of determination on May 19, 2021, sustaining the levy. In the notice of determination the settlement officer stated that she had verified that the IRS had complied with the requirements of applicable law and administrative procedure and that sustaining the levy "balances the need for efficient collection" with the idea "that any collection action be no more intrusive than necessary." The settlement officer noted that Ms. Powers raised misattribution of income in the 2015 and 2017 tax years on her request for a CDP hearing but concluded that Ms. Powers "did not respond or call for the scheduled conference" and was unable to "challenge the existence or amount of the underlying liability."

*Discussion*

I.     *General Principles*

A.     *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 121(a)(2); *see also Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

In deciding whether to grant summary judgment, we construe factual materials and draw inferences therefrom in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. The nonmoving party, however, may not rest upon mere allegations or

denials in his pleadings but, rather, must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520.

### B. *Standard of Review*

We have jurisdiction to review the Appeals Office's determination pursuant to section 6330(d)(1). *See Murphy v. Commissioner*, 125 T.C. 301, 308 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the underlying tax liability de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). We review all other determinations for abuse of discretion. *See Sego*, 114 T.C. at 610; *Goza*, 114 T.C. at 182. In reviewing for abuse of discretion, we must uphold the Appeals Office's determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See Murphy*, 125 T.C. at 320.

## II. *Underlying Tax Liability*

A taxpayer may raise a CDP challenge to the existence or amount of her underlying tax liability only if she did not receive a statutory notice of deficiency for the tax year at issue or otherwise have an opportunity to dispute it. *See* I.R.C. § 6330(c)(2)(B). In both her CDP hearing request and in this Court, Ms. Powers has sought to challenge her underlying 2015 tax liability as incorrect.

We can consider a taxpayer's challenge to an issue, including underlying liability, however, only if she properly raised that challenge at the administrative hearing. *Giamelli v. Commissioner*, 129 T.C. 107, 115 (2007); *see also* Treas. Reg. § 301.6330-1(f)(2), Q&A-F3. "An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue or if the taxpayer requests consideration but fails to present any evidence after receiving a reasonable opportunity to do so." *Hartmann v. Commissioner*, T.C. Memo. 2024-46, at \*9; *see also Giamelli*, 129 T.C. at 115–16. Ms. Powers did not participate in any proceeding before the Appeals Office and accordingly failed to properly raise the challenge. We thus will not entertain the issue of Ms. Powers's underlying liability.[2]

---

[2] Although we cannot consider Ms. Powers's underlying liability challenge, she does not lack administrative options to seek review. Ms. Powers may request an audit

III.    *Abuse of Discretion*

In determining whether the Appeals Office abused its discretion, we consider whether the settlement officer (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Ms. Powers raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [Ms. Powers] that any collection action be no more intrusive than necessary." I.R.C. § 6330(c)(3).   Our review of the record establishes that the settlement officer satisfied all the requirements.

A.    *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011).   Ms. Powers did not participate before the Appeals Office, much less challenge the verification requirement, and we conclude from the record that the settlement officer conducted a thorough review of Ms. Powers's account transcripts and verified that all applicable requirements were met.   *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Rule 121(d).

B.    *Issues Raised*

In her petition Ms. Powers states that she has "missed notices mailed to her due to traveling full time for work," noting that she "only get[s] mail every so often."   To the extent that Ms. Powers is asserting that the settlement officer abused her discretion in her handling of this case by acting too hastily, we disagree.

A review of the handling of this case in the Appeals Office illustrates that the settlement officer acted within her discretion.   She first contacted Ms. Powers on August 29, 2019, and gave her more than a month to gather information for the CDP hearing.   Although Ms. Powers did not contact the settlement officer (either for the CDP hearing in October 2019 or thereafter), the settlement officer nonetheless

---

reconsideration, "a substantive review of the taxpayer's liability [by the IRS] that may result in the abatement of an assessed tax liability." *See Tucker v. Commissioner*, 135 T.C. 114, 148 (2010), *aff'd*, 676 F.3d 1129 (D.C. Cir. 2012); *see also* Internal Revenue Manual 4.13.1.2 (Apr. 17, 2024).

reached out to Ms. Powers in October 2020 and again in December 2020 in an attempt to restart communications and allow her to submit information for Appeals Office consideration. Despite being met again with silence, the settlement officer waited until May 19, 2021, to issue the notice of determination. We see no abuse of discretion in the settlement officer's patient handling of this case. *See Scholz v. Commissioner*, T.C. Memo. 2015-2, at \*8 ("When [a settlement officer] gives a taxpayer an adequate period of time in which to respond, it is not an abuse of discretion for [her] to move ahead after encountering radio silence from the taxpayer."); *see also Hill v. Commissioner*, T.C. Memo. 2023-58, at \*7; *Vollers v. Commissioner*, T.C. Memo. 2023-52, at \*6.

### C. *Balancing*

Ms. Powers failed to challenge the settlement officer's consideration of "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3)(C). We conclude that Ms. Powers has conceded this issue. *See* Rules 331(b)(4), 121(d). In any event the settlement officer expressly concluded in the notice of determination that sustaining the levy balanced the need for efficient tax collection with the concern that collection action be no more intrusive than necessary. We find no basis for disturbing the settlement officer's conclusion regarding this requirement.

## IV. *Conclusion*

Finding no abuse of discretion in the settlement officer's decisions, we will grant summary judgment for the Commissioner and affirm the settlement officer's determination to sustain the levy action.

To reflect the foregoing,

*An appropriate order and decision will be entered.*